UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FILED
United States Court of Appeals
Tenth Circuit

July 17, 2025

Christopher M. Wolpert
Clerk of Court

RICKEY WHITE,

    Petitioner - Appellant,

v.

CASEY HAMILTON,

    Respondent - Appellee.

No. 25-7033
(D.C. No. 6:24-CV-00426-JFH-JAR)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **McHUGH**, **KELLY**, and **ROSSMAN**, Circuit Judges.

Rickey White is an Oklahoma prisoner proceeding pro se. Mr. White filed a motion in the district court that the court construed as an unauthorized second or successive petition for habeas relief under 28 U.S.C. § 2254. The district court therefore dismissed the motion for lack of jurisdiction.

Mr. White now requests a certificate of appealability (COA) to challenge the district court's dismissal (COA Motion). For the reasons that follow, we deny a COA and dismiss this proceeding.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND & PROCEDURAL HISTORY

In 1981, an Oklahoma jury convicted Mr. White of first-degree murder. He received a life sentence for that crime. *See generally White v. State*, 702 P.2d 1058 (Okla. Crim. App. 1985) (upholding the conviction and sentence). He has since brought or attempted to bring numerous actions in federal court challenging his conviction and sentence.

In October 2024, Mr. White filed a document in the United States District Court for the Eastern District of Oklahoma invoking statutes governing federal sentences and purporting to request a sentence reduction. Mr. White is serving a state sentence, not a federal sentence. In any event, as support for such relief, he argued that his state criminal proceeding had not followed the Federal Rules of Criminal Procedure, particularly as to presentence reports. He also claimed he received ineffective assistance of counsel at his sentencing hearing and the jury never heard mitigating evidence about alcohol abuse.

The district court concluded it did not have jurisdiction to grant the relief requested because Mr. White was effectively asserting new habeas claims and this court had not authorized him to bring a successive habeas petition. The district court therefore dismissed the action and denied a COA. Mr. White then filed a notice of appeal, leading to this proceeding.

## II.    LEGAL STANDARD

This appeal may not proceed unless this court grants a COA. *See* 28 U.S.C. § 2253(c)(1). To merit a COA, Mr. White must make "a substantial showing of the

2

denial of a constitutional right." § 2253(c)(2).  This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, lack of jurisdiction.  So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  Finally, "[a]lthough we liberally construe pro se filings, we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).

## III.    ANALYSIS

In the COA Motion, Mr. White focuses entirely on arguments that his state prosecution violated his constitutional rights.  Some of these arguments are not the same as those he made in his district-court motion.  In any event, he does not offer any argument why the district court's procedural dismissal was wrong.  Nor do we see any debatable issue.  Regardless of the authorities invoked, Mr. White's district-court motion was a request for relief from his state-court conviction based on alleged errors in the conviction and sentence.  It was therefore, in substance, a habeas claim. *See, e.g.*, *Spitznas v. Boone*, 464 F.3d 1213, 1226 (10th Cir. 2006) (holding that a Rule 60(b) motion claiming error in the state-court prosecution was "in reality a second attempt to assert a successive habeas claim").  The district court correctly dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or

successive § 2255 or 28 U.S.C. § 2254 claim until this court has granted the required authorization.").

## IV.    CONCLUSION

We grant Mr. White's motion to proceed without prepayment of costs or fees. We deny a COA, however, and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk